[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10594
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cv-01183-BJD-JBT

WILLIAM CARSON MERRILL,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 9, 2021)

Before JORDAN, GRANT, and ED CARNES, Circuit Judges.

PER CURIAM:

William Carson Merrill, a Florida prisoner represented by counsel, appeals the denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. This Court granted a certificate of appealability on one issue: "Whether the state court's denial of Merrill's claim, that trial counsel was ineffective for failing to fully inform Merrill regarding entering a plea, was based on an unreasonable determination of the facts, and thereafter, involved an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984), to those facts."

I.

The record shows that on the morning of February 21, 2012, Merrill shot and killed his wife. He called 911, and when the police arrived, they found Stefanie Merrill dead in the master bathroom. Her husband had shot her in the chest with an AK-47. When he was interviewed later at the sheriff's office, Merrill said that he took his rifle out of the bathroom closet, activated its laser, and pointed it at his wife's chest. While the laser was activated, the weapon fired. The couple's three-year-old daughter was in the bathtub and saw her mother being shot and killed. Merrill said that the shooting was an accident.

Merrill admitted that he owned "several" firearms, and officers later recovered 20 firearms from his home. Merrill had been convicted of a felony in 2007 and could not lawfully possess a firearm, much less 20 of them. He also had been previously arrested for domestic violence against his wife.

2

Merrill was charged in state court with manslaughter with a firearm and being a felon in possession of a firearm in violation of Florida law. The State did not contend that he had intentionally shot his wife. He was appointed counsel, and he later entered an "open plea," meaning that the State did not agree to a specific term of imprisonment, instead leaving the sentence determination for the state trial court. In exchange for Merrill's guilty plea to the manslaughter with a firearm charge, the State agreed to drop the felon in possession charge. During his plea hearing, the court noted that that Merrill was entering an open plea and explained that for sentencing purposes, his "exposure was anywhere between zero and the maximum of 30 years." Merrill stated that he understood that, and it was what he wanted to do. The court accepted his guilty plea.

At the sentence hearing, defense counsel presented 17 witnesses to testify on Merrill's behalf and asked for a downward departure from 125.85 months (about 10.5 years), which was Merrill's "lowest permissible prison sentence" according to his Florida Criminal Punishment Code Scoresheet. Stefanie Merrill's brother testified at the hearing and asked the court to impose the statutory maximum sentence of 30 years. A letter from Stefanie Merrill's mother, also asking for the maximum sentence, was read into the record. The State argued for a sentence of 20 years. The State acknowledged that it did not contend Merrill had intentionally killed his wife, but it introduced into evidence a photograph from Merrill's cell

3

phone that showed a laser scope on a gun pointed at Stefanie Merrill's head. The

State argued that even before the "accident," Merrill's conduct with firearms had

been reckless.

The court imposed a sentence of 25 years, and it explained its sentencing

decision this way:

> Clearly, this is a preventable and avoidable accident, if that's what you
> want to call it. Your -- your conduct is tantamount to nothing less than
> reckless behavior.
>
> When you were a convicted felon, you were not supposed to have a
> firearm, but you had quite an arsenal in your home. But as if that wasn't
> enough, you violated probably one of the most basic tenets of firearm
> ownership; that is whether loaded or unloaded, a firearm, it's a
> dangerous thing. And you pointed it at the person you claim to love the
> most, and then you pulled the trigger, and then you took her life.
>
> That conduct, however you want to describe it, whether it be an
> accident, mistake, or whatever it may be, carries a tremendous amount
> of ramifications.
>
> We don't blame people here for their mistakes; we just expect for them
> to pay for them, and today you will begin paying for your mistake.
>
> I'm going to adjudicate you guilty, sentence you to 25 years in the
> custody of the Florida Department of Corrections state prison system,
> with credit for the time you have already served.

Merrill's conviction and sentence were affirmed on direct appeal.

Merrill later filed a motion for post-conviction relief under Florida Rule of

Criminal Procedure 3.850, asserting seven claims based on ineffective assistance

of counsel. The state post-conviction court summarily denied four of those claims,

4

reserved ruling on one, and set an evidentiary hearing for the remaining two, which included the claim at issue in this appeal: that his guilty plea was involuntary because his counsel gave him incorrect advice. Merrill and his former defense counsel both testified at the evidentiary hearing before the state post-conviction court. That court denied relief, finding that counsel's performance was not deficient and that Merrill had not been prejudiced by counsel's advice or actions.

The court found that the record evidence refuted Merrill's claims that he pleaded guilty only because counsel had misadvised him. First, the court rejected Merrill's assertion that, based on counsel's advice, he believed that he would receive a sentence of probation only. The court noted that Merrill's counsel had fifteen years of experience as a criminal defense attorney, and it credited his testimony that he did not promise Merrill a sentence of probation and that he viewed a probation-only sentence as an impossibility because of the seriousness of the charges. The court also credited counsel's testimony that from the beginning of his representation Merrill had told him that he wanted to avoid a trial by taking a plea so that he would not "put his family, including [his] in-laws, through a trial." The court found that the correspondence between Merrill and his counsel corroborated the finding that Merrill did not plead guilty because counsel misadvised him.

The court also considered Merrill's claim that counsel failed to inform him about the photographs that the State had obtained from his cell phone, including the one introduced at his sentence hearing, which showed the laser scope of a gun pointed at Stefanie Merrill's head. On that claim, the court found both Merrill's and defense counsel's testimony to be credible. The court noted that Merrill had testified at the evidentiary hearing that he told defense counsel not to show him any discovery of the crime scene, including photographs of his deceased wife. But Merrill admitted that he knew there were incriminating photographs on his phone, including ones showing him (a convicted felon) holding a firearm. Defense counsel testified that he provided discovery materials to Merrill, but he also followed his client's request not to provide any discovery related to Stefanie Merrill, which included the photograph that the State introduced at the sentence hearing.

The court determined that defense counsel's performance in providing discovery to Merrill was not deficient. It found that "there was a misunderstanding as to what discovery [Merrill] requested he be provided." In light of that, defense counsel "provided [Merrill] with all of the discovery that he understood [Merrill had] requested and discussed that discovery with [Merrill]." The court also found that Merrill could not prove prejudice because he had "testified that he knew about the incriminating photographs that were on his cell phone," and the court did not

6

"believe that [Merrill] would have insisted on going to trial had he specifically known that the State was going to use the photographs from his phone."

The court also rejected Merrill's claim that defense counsel had failed to confer with him about the elements of the charges. It credited counsel's testimony that it was his standard practice to review discovery and to go through each element of the charged offense with his client and that he did so with Merrill during a meeting at the jail. The court also pointed out that on cross-examination Merrill admitted that he and defense counsel had discussed the charges. The court denied relief on all remaining grounds.

Merrill appealed, and the state appellate court affirmed the denial of relief. After that, Merrill filed a 28 U.S.C. § 2254 petition in federal district court, raising seven claims. The district court denied relief on all of them. Among other things, the court rejected Merrill's claim that his counsel had provided ineffective assistance by failing to inform him "of all pertinent matters" related to his decision to enter a guilty plea.

The district court emphasized that the post-conviction court had heard the witnesses' testimony at the evidentiary hearing, had reviewed the record evidence, and had found that defense counsel's testimony was credible and corroborated by other evidence. Based on its own review of the record, the district court concluded that the state court had reasonably determined the facts and had reasonably applied

7

federal law to those facts in rejecting Merrill's claim of ineffective assistance of counsel. As a result, the court denied relief on the claim.

II.

Merrill contends that his counsel's performance was deficient because he: (1) advised Merrill that he would likely be unsuccessful at trial because the State could prove the culpable negligence element of manslaughter based solely on Merrill's status as a convicted felon in possession of a firearm; (2) failed to review with Merrill discovery that was relevant to the case, including photographs from Merrill's cell phone; and (3) failed to review the elements of the charges with Merrill.[1] Merrill also contends that he proved that he was prejudiced by counsel's deficient performance because he would not have chosen to plead guilty but for his counsel's incorrect advice that he was unlikely to succeed at trial.

We review de novo the denial of Merrill's 28 U.S.C. § 2254 petition, but under the Antiterrorism and Effective Death Penalty Act of 1996, our review is "highly deferential" to the state court's rulings on the merits of Merrill's constitutional claim. See Gissendaner v. Seaboldt, 735 F.3d 1311, 1316 (11th Cir. 2013). We are precluded from granting "federal habeas relief unless the state court's decision was (1) 'contrary to, or involved an unreasonable application of,

---

[1] Merrill has abandoned his contention that his counsel assured him that he would get a probation-only sentence, which caused him to plead guilty. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014).

8

clearly established Federal law, as determined by the Supreme Court,' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Id. (quoting 28 U.S.C. § 2254(d)); see also Harrington v. Richter, 562 U.S. 86, 101, 131 S. Ct. 77, 786 (2011) ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision.") (quotation marks omitted).

When a petitioner claims that he received ineffective assistance of counsel in the context of entering a plea bargain, "the familiar two-part test articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), applies." Gissendaner, 735 F.3d at 1317 (citing Hill v. Lockhart, 474 U.S. 52, 57, 106 S. Ct. 366, 370 (1985)). That means Merrill has the burden of showing that his counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694, 104 S. Ct. at 2064, 2068.

Merrill must demonstrate that there was "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Lee v. United States, 137 S. Ct. 1958, 1965 (2017) (quotation marks omitted). And he must show "that a decision to reject the plea bargain

9

would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372, 130 S. Ct. 1473, 1485 (2010). The Supreme Court has cautioned that "the strong societal interest in finality has special force with respect to convictions based on guilty pleas," and we are not free to "upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." Lee, 137 S. Ct. at 1967 (quotation marks omitted).

"Surmounting Strickland's high bar is never an easy task." Padilla, 559 U.S. at 371. Merrill has not cleared that bar. As we have mentioned, he was charged with manslaughter with a firearm and being a felon in possession of a firearm in violation of Florida law. It is undisputed that: Merrill had a prior felony conviction, and it was illegal for him to possess any firearms, and he admitted to shooting his wife with a firearm, and he knew there were incriminating photographs on his phone showing him holding various firearms, and one of those photographs showed a laser scope on a gun pointed at his wife's head. Merrill cannot show that it would have been rational for him to reject a plea bargain on the felon in possession charge regardless of any advice his counsel may or may not have given him. See Padilla, 559 U.S. at 371.

On the manslaughter with a firearm charge, it is undisputed that Merrill intentionally pointed the laser scope on his AK-47 at his wife's chest, accidentally discharged the firearm, and killed her. It is undisputed that as a convicted felon he

10

did not possess that firearm lawfully and that he had a previous arrest for domestic violence against his wife.  If Merrill had opted to go to trial instead of pleading guilty, the record establishes that there was more than enough evidence to prove his guilt under Florida law.

Under Florida law, a defendant may be convicted of manslaughter if he kills someone through "culpable negligence."  Fla. Stat. § 782.07(1).  Culpable negligence is "a gross and flagrant violation of a duty of care that causes injury," or a "course of conduct showing reckless disregard [for] human life."  Ramos v. State, 89 So. 3d 1119, 1121 (Fla. 1st DCA 2012) (quotation marks omitted).  Culpable negligence may include accidentally shooting and killing someone.  See, e.g., Sapp v. State, 913 So. 2d 1220, 1224–26 (Fla. 4th DCA 2005); Navarro v. State, 433 So. 2d 1011, 1012 (Fla. 3d DCA 1983) (affirming the defendant's conviction for manslaughter based on his culpable negligence after he accidentally shot his girlfriend who had walked into the room while he was "test firing" his weapon) (quotation marks omitted).

If Merrill had rejected the State's offer and had opted for trial on both of the charges against him, he would have faced a maximum sentence of 45 years, instead of the 30-year maximum he faced as a result of the plea bargain.  And in light of the evidence, he has not shown that there was a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on

11

going to trial," <u>Lee</u>, 137 S. Ct. at 1965, nor has he shown "that a decision to reject the plea bargain would have been rational under the circumstances," <u>Padilla</u>, 559 U.S. at 372.  We will not upset his plea based on <u>post</u> <u>hoc</u> assertions about how he would have pleaded but for his attorney's alleged deficiencies.  <u>See</u> <u>Lee</u>, 137 S. Ct. at 1967.

The district court correctly applied the deferential standard to the state post-conviction court's finding that Merrill's counsel's performance was not deficient and to its finding that Merrill was not prejudiced by the advice or actions of his counsel.  The state court reasonably determined the facts based on its credibility findings which were also corroborated by the record evidence, and it reasonably applied federal law to those facts.

**AFFIRMED**.[2]

---

[2] After he filed his briefs in this appeal, Merrill filed a motion requesting oral argument. That motion is DENIED.